# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | 4:02-CR-992-JFA |
| Respondent, | : | Hon. Joseph F. Anderson, Jr. |
| | : | United States District Judge |
| v. | : | **CAPITAL CASE** |
| CHADRICK E. FULKS, | : | |
| Petitioner. | : | |

## PETITIONER'S *UNOPPOSED* MOTION TO HOLD
## PROCEEDINGS IN ABEYANCE FILED IN RESPONSE
## TO THE COURT'S OCTOBER 25, 2018 ORDER

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully submits the following in response to the Court's October 25, 2018 order:

1. On October 25, 2018, this Court directed the parties to submit briefing as to whether Mr. Fulks's motion for relief under 28 U.S.C. § 2255 (§ 2255 motion) and the government's (Respondent's) motion to dismiss Mr. Fulks's § 2255 action are ready to proceed. In response, Mr. Fulks respectfully requests that his § 2255 proceedings remain in abeyance pending the outcome of *United States v. Simms*, 15-4640, which is currently pending before the United States Court of Appeals for the Fourth Circuit.

2. Mr. Fulks's § 2255 motion challenges, based on the United States Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions for possessing or using a firearm during or in relation to a crime of violence and conspiring to do so

as defined by 18 U.S.C. §§ 924(c) and (o).  In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because it required courts to employ the categorical approach to determining if a given offense constituted a violent felony.  *Johnson*, 135 S. Ct. at 2557.  This categorical approach called for courts to envision conduct that a crime involved in the "ordinary case" and "to judge whether that abstraction presents a serious potential risk of injury."  *Id.*  As the § 2255 motion explains in greater detail, to qualify as a crime of violence under § 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."  In his § 2255 motion, Mr. Fulks averred that his conviction cannot be upheld under § 924(c)(3)(B) as it does not satisfy the force clause and the residual clause requires the same categorical approach that the Supreme Court deemed unconstitutional in *Johnson*.

3.     The government ("Respondent") filed a Motion to Dismiss which argued, *inter alia*, that Mr. Fulks's § 2255 motion was untimely because it was premature.  Per Respondent, because *Johnson* did not specifically address § 924(c)(3)(B), he was not relying on *Johnson* but an extension of it as *Johnson* only addressed the residual clause in ACCA.  *See* Dkt. No. 1626 at 3.

4.     Mr. Fulks responded that his § 2255 motion did not rely on an extension of *Johnson*, but *Johnson* itself.  Mr. Fulks explained that *Johnson* did not only invalidate ACCA's residual clause, but the defective categorical approach which required courts to assess risk of a hypothetical crime in the context of the ordinary case analysis.  As § 924(c)(3)(B) had the same defects that rendered the residual clause in ACCA unconstitutional under *Johnson*, *Johnson* rendered § 924(c)(3)(B) invalid.  Dkt. No. 1635 at 2-9.

5.     On July 11, 2017, this Court held these proceedings in abeyance pending the outcome of *Sessions v. Dimaya*, S. Ct. 15-498. In *Dimaya*, the Supreme Court considered whether 18 U.S.C. § 16(b), a statute that was identical to the residual clause of § 924(c)(3)(B), was void for vagueness under *Johnson*.[1] On April 17, 2018, the Supreme Court issued its opinion in *Dimaya*, noted that § 16(b) had the same two defects that rendered ACCA's residual clause void for vagueness, and held that § 16(b) was unconstitutional under *Johnson*. See *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

6.     Post-*Dimaya*, four Courts of Appeals have held that § 924(c)(3)(B) is void for vagueness. In *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016), before *Dimaya* was issued, the Seventh Circuit found § 924(c)(3)(B) to be void for vagueness under *Johnson*. After *Dimaya* was issued, the Fifth, Tenth, and District of Columbia Circuits found § 924(c)(3)(B) to be void for vagueness. *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *United States v. Eshetu*, 898 F.3d 36, 37-38 (D.C. Cir. 2018).

7.     Three Courts of Appeals have recognized that *Dimaya* either invalidated or cast doubt on the constitutionality of using the categorical approach in § 924(c)(3)(B), but ruled that this issue should be avoided by interpreting § 924(c)(3)(B) to require a conduct-specific analysis that focuses on the facts of the case rather than the categorical approach discussed above. *United States v. Douglas*, 2018 U.S. App. LEXIS 28825 (1st Cir. Oct. 12, 2018); *United States v.*

---

[1] The residual clause of § 16(b) defined a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The residual clause of § 924(c) defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

3

*Barrett*, 903 F.3d 166, 180-83 (2d Cir. 2018); *Ovalles v. United States*, 2018 U.S. App. LEXIS 28144 (11th Cir. Oct. 4, 2018).[2]

       8.     Mr. Fulks respectfully requests that his case remain in abeyance pending the United States Court of Appeals for the Fourth Circuit's disposition of *United States v. Simms*, 15-4640. In *Simms*, the Fourth Circuit considers the constitutionality of § 924(c)(3)(B) under *Johnson* and *Dimaya*, including the issue of whether a categorical or fact-specific analysis is appropriate. The Fourth Circuit has granted *en banc* review in *Simms* and the parties have completed supplemental briefing on *Dimaya* and oral argument. The outcome of *Simms* will be relevant to Mr. Fulks's claim for relief and additional briefing on *Simms* may be necessary depending on the outcome. It will also be more efficient for the parties to submit additional briefing on *Dimaya* and *Simms* simultaneously. Petitioner respectfully submits that holding his proceedings in abeyance until the Fourth Circuit issues its opinion in *Simms* is appropriate.

       9.     Counsel for Mr. Fulks consulted with counsel for Respondent regarding Respondent's position on this Motion. On November 5, 2018, counsel for Respondent indicated that, although Respondent maintains that Mr. Fulks's § 2255 motion is untimely as the law stands, Respondent does not object to holding the case in abeyance until the Fourth Circuit issues its decision in *Simms*.

---

[2] The Courts of Appeals for the Sixth and Eighth Circuits ruled that § 924(c)(3)(B) was constitutional pre-*Dimaya*, but have not, to counsel's knowledge, addressed the status of § 924(c)(3)(B) post-*Dimaya*. *See United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016).

For the foregoing reasons, Petitioner respectfully requests that his case be held in abeyance pending the Fourth Circuit's disposition of *United States v. Simms*, 15-4640.

    Respectfully Submitted,

    /s/ Peter Williams
    Claudia Van Wyk
    Peter Williams
    Assistant Federal Defenders
    Federal Community Defender Office
     for the Eastern District of Pennsylvania
    601 Walnut Street, Suite 545 West
    Philadelphia, PA 19106
    (215) 928-0520

    Counsel for Petitioner

Dated: November 8, 2018

**Certificate of Service**

I, Peter Williams, hereby certify that on this 8th day of November, 2018, I served the foregoing Response and Motion by ECF filing on the following party:

>Robert F. Daley, Esq.
>Office of the United States Attorney
>1441 Main Street, Suite 500
>Columbia, SC 29201

>/s/ Peter Williams
>Peter Williams