**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVSION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRICK E. FULKS and | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' BRIEFING RE: IMPACT OF *SESSIONS v. DIMAYA***

The United States moved to dismiss defendants' successive motions filed under 28 U.S.C. § 2255 which seek to challenge convictions under 18 U.S.C. §§ 924(c) & 924(o). These convictions resulted in terms of imprisonment to run consecutive to the death sentences defendants received for their convictions for carjacking resulting in death and kidnapping resulting in death. Although defendants contended that they were entitled to relief on collateral review under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), they were not challenging sentences imposed under the Armed Career Criminal Act—the topic of those decisions. Instead, they were seeking to extend *Johnson* and *Welch* to § 924(c)(3)(B) on collateral review. But because the convictions have been final for more than one year, and defendants fail to satisfy 28 U.S.C. § 2255(f)(3), which provided the only available exception to the collateral-review statute's one-year statute of limitations, the motions are untimely. It is for this reason that the government moved to dismiss the § 2255 motions for untimeliness.

The Court has requested that the parties brief whether the pending motions to dismiss are ready to be heard in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that the

residual clause of 18 U.S.C. § 16(b)'s definition of "crime of violence" as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony was impermissibly vague in violation of due process. The government continues to assert, even in light of *Dimaya*, that defendants' motions are untimely. Numerous courts have agreed with this position. *See e.g., United States v. Williams*, 897 F.3d 660 (5th Cir. 2018); *Thomas v. United States*, 2018 WL 3999709 (E.D.Va. Aug. 21, 2018).

To be timely under § 2255(f)(3), a § 2255 motion must rely on a right that has been newly "recognized" by the Supreme Court and is applicable to defendant. The Fourth Circuit has clarified that "a Supreme Court case has 'recognized' an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017). It follows that "if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *Id.* The Supreme Court itself has not recognized that § 924(c)(3)(B) or 924(o) is unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1241 (Roberts, C.J., dissenting). ("express[ing] no view on whether § 924(c) can be distinguished from the provision we consider here"). For this reason, the Court may dismiss the § 2255 motions.

The government acknowledges that there is split of authority in the courts of appeals regarding whether *Dimaya*'s reasoning renders § 924(c)'s residual clause invalid. The First Circuit recently joined the Second and Eleventh Circuits in holding that § 924(c)'s residual clause is subject to a case-specific approach and remains valid. *See United States v. Douglas*, -- F.3d --, 2018 WL 4941132 (1st Cir. 2018); *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc). The D.C. and Fifth Circuits have held otherwise. *See United States v. Davis*, 903 F.3d 483 (5th Cir. 2018) (per curiam); *United States v.*

*Eshetu*, 898 F.3d 36 (D.C. Cir. 2018) (per curiam). The government has petitioned for certiorari on this issue.

In the meantime, the Fourth Circuit en banc heard oral arguments on September 26, 2018 in *United States v. Joseph Simms*, Appeal No. 15-4640 (4th Cir.) in which the court will determine whether *Dimaya*'s reasoning renders § 924(c)'s residual clause invalid. For this reason, the government does not object if the Court decides to hold defendants' § 2255 motions in abeyance pending resolution of *Simms*.[1]

In short, the § 2255 motions should be dismissed as untimely even in light of *Dimaya*. However, the government does not object if the Court decides to hold this matter in abeyance pending a decision in *Simms*.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

*/s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.:     (803) 929-3000
Fax:     (803) 929-3135
Email: Bob.Daley@USDOJ.GOV

November 8, 2018

---

[1] If this Court were to deny the government's motion to dismiss based on untimeliness, the government would file a subsequent motion based on several grounds, including the fact that the Fourth Circuit has squarely held that carjacking under 18 U.S.C. § 2119 (let alone carjacking resulting in death) is a crime of violence under § 924(c)(3)(A)'s elements/force clause. *See United States v. Evans*, 848 F.3d 242 (4th Cir. 2017).

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVSION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 4:02-CR-00992-JFA** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| **CHADRICK E. FULKS and** | ) | |
| **BRANDON L. BASHAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

The undersigned Assistant United States Attorney hereby certifies that he has caused service of **UNITED STATES' BRIEFING RE: IMPACT OF *SESSIONS v. DIMAYA*** on the Petitioner in this matter**.**

On November 8, 2018, a copy of the foregoing document was served on all parties of record by ECF, and if that means fails, by placing in a postpaid envelope addressed to the persons hereinafter named.

Claudia Van Wyk, Esquire
Peter K. Williams, Esquire
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Email: claudia_vanwyk@fd.org
    peter_williams@fd.org

Leticia Marquez, Esquire
Assistant Federal Public Defender (AZ)
407 W. Congress Street, Suite 501
Tucson, AZ 85701
Email: leticia_marquez@fd.org

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

*/s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.:    (803) 929-3000
Fax:    (803) 929-3135
Email: Bob.Daley@USDOJ.GOV

November 8, 2018

4